NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |   |
|---|---|---|
| SAHARA LOGAN, | : | |
| Plaintiff, | : | Civil No. 18-17129 (RBK/KMW) |
| v. | : | **OPINION** |
| VICTORY ENTERTAINMENT, INC., *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Sahara Logan's Motion for Default Judgment as to Victory Entertainment, Inc. (Doc. 21.) For the reasons set forth below, the Motion is **DENIED**.

**I.    BACKGROUND**

This action arises out of an employment dispute. Plaintiff is Sahara Logan, who brings this action on behalf of herself and all others similarly situated. Plaintiff is a former exotic entertainer ("Dancer"). (Compl. ¶12.) Defendants include Victory Entertainment, Inc.; 2405 Pacific Avenue, L.L.C.; Nicholas Panaccione; Richard D. Schibell; Leonard Casiero; and Joseph Shamy. Defendants collectively own and operate a night club, Delilah's Den of Atlantic City. During July 2018, Plaintiff worked as a Dancer at Delilah's Den. (Compl. ¶12.) Plaintiff alleges that Defendants improperly classified Plaintiff and other Dancers as independent contractors. (Compl. ¶30.) In doing so, Plaintiff contends that Defendants deprived her of mandated minimum wage for all hours worked, denied her overtime compensation for hours worked over forty hours per week,

1

and forced her to share a percentage of her tips. (Compl. ¶30.) Plaintiff asserts that these actions violated both the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Laws ("NJWHL"). Plaintiff brings this suit (1) as a class action seeking monetary damages on behalf of a nationwide FLSA class and (2) pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and a class of New Jersey employees based on Defendants' alleged violation of the NJWHL. (Compl. ¶67.)

Plaintiff initiated suit on December 12, 2018. (Doc. 1.) Defendant Victory Entertainment, Inc. was served on January 2, 2019 and was required to answer by January 23, 2019. (Doc. 6.) Victory Entertainment did not respond. On November 13, 2019, Plaintiff made a request for default against Defendants Victory Entertainment and 2405 Pacific Avenue, LLC. (Doc. 9.) The clerk made an entry of default. However, on February 7, 2020, this Court entered a stipulation and order dismissing the Complaint as to Defendant 2405 Pacific Avenue, LLC. (Doc. 15.) Plaintiff then filed the present Motion for Default Judgment as to Victory Entertainment only on July 27, 2020. (Doc. 21.) 2405 Pacific Avenue, LLC filed a Certification in Opposition. (Doc. 22.) In its Opposition, 2405 Pacific Avenue, LLC alleges that Victory Entertainment does not "do business as" Delilah's Den or Delilah's Den of Atlantic City. (Doc. 22.)

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a party that has failed to answer or otherwise defend an action. *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also need not

adopt a plaintiff's legal conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

### III.   DISCUSSION

The decision about whether default judgment is proper "is left primarily to the discretion of the district court." *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (internal quotation omitted). Nevertheless, there is a well-established preference in the Third Circuit to decide cases on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Consequently, the Court must address several preliminary issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages. *Slaughter v. Moya*, No. 17-6767, 2018 WL 3742622, at *1 (D.N.J. Aug. 7, 2018).

####   A.   Jurisdiction

First, the Court must determine (1) whether it has subject-matter jurisdiction over Plaintiff's cause of action and (2) whether it may exercise personal jurisdiction over Victory Entertainment. *U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010). As a threshold matter, the Court finds that it has subject-matter jurisdiction. As the case pleads claims under the FLSA, the Court has federal question jurisdiction under 28 U.S.C. § 1331. The Court has pendent jurisdiction over the state law claims because both the state and federal claims "derive from a common nucleus of operative fact" and "are such that plaintiff would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Accordingly, the Court has subject-matter jurisdiction over this case.

3

Turning to personal jurisdiction, the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent possible under the Due Process Clause. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Carteret Sav. Bank, FA v. Shusham*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Ct. R. 4:4–4(c)). The Court has personal jurisdiction over Victory Entertainment because Victory Entertainment transacts business and employs Plaintiff within the state of New Jersey. (Compl. ¶21.) Accordingly, the jurisdictional requirements for default judgment are satisfied.

### B. Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Plaintiff certified service of Victory Entertainment on June 6, 2019. (Doc. 6; Doc. 7.) Victory Entertainment has made no attempt to answer or defend the action. Accordingly, the Clerk appropriately issued the entry of default under Rule 55(a) on November 14, 2019.

### C. Fitness of Defendant

Third, the Court must also confirm that the defaulting parties are not infants, incompetent persons, or persons in military service exempted from default judgment. Fed. R. Civ. Proc. 55(b)(2). Section 3931(b)(1) requires Plaintiff to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" before the Court can enter default judgment for the plaintiff. Neither of these requirements apply to Defendant Victory Entertainment because it is a corporation. Therefore, this requirement is satisfied.

### D. Plaintiff's Cause of Action

Fourth, the Court must determine whether Plaintiff's Complaint states a cause of action against Victory Entertainment. The Court should accept as true all well-pleaded factual allegations, while disregarding mere legal conclusions. *DirecTV v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and that Plaintiff and fellow class members are entitled to the following: (1) unpaid minimum wages from Victory Entertainment for hours worked for which Victory Entertainment failed to pay the mandatory minimum wage; (2) unpaid overtime wages for all hours worked in excess of forty hours a week; (3) tips that Victory Entertainment withheld in violation of 29 U.S.C. § 203(m)(2)(B); and (4) liquidated damages pursuant to 29 U.S.C. § 216(b). Plaintiff also alleges that Defendants violated New Jersey state laws by failing to pay appropriate minimum wage, denying overtime wage, and withholding or deducting unlawful amounts from earned tips.

### *FLSA Claim*

First, Plaintiff seeks relief under the FLSA. The FLSA was enacted to "govern the maintenance of standard hour and wage practices." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 305-06 (3d Cir. 2003). Specifically, the FLSA "establishes federal minimum-wage, maximum hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). Under the FLSA, employers are required "to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207." *De Asencio*, 342 F.3d at 306.

An employer who violates section 206 or section 207 is subject to section 216(b), which provides, in relevant part:

5

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

This Court has made clear that, "unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite simple and straightforward." *Harris v. Scriptfleet, Inc.*, 11-cv-4561, 2011 WL 6072020, at *3 (D.N.J. Dec. 6, 2011) (citing *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008)). To state a *prima facie* claim under the FLSA, a plaintiff must simply allege the following: (1) the plaintiff was an "employee," as defined by the FLSA; (2) the defendant was "engaged in commerce," as defined by the FLSA; and (3) the plaintiff was not paid the federal minimum wage or was not paid overtime compensation for hours worked in excess of forty in a given week. *See* 29 U.S.C. § 216(b); *Mell v. GNC Corp.*, 10–cv–945, 2010 WL 4668966, at * 5 (W.D. Pa. Nov. 9, 2010).

Based on this standard, the Court finds that Plaintiff pleads sufficient facts to state a claim for violation of the FLSA. First, Plaintiff adequately pleads that she is an employee. The FLSA defines an employee as "any individual employed by an employer." *Id.* § 203(e)(1). Under the FLSA, to employ means "to suffer or permit to work." *Id.* § 203(g). "In the Third Circuit, courts determining whether a worker is an employee or an independent contractor for purposes of the FLSA look to the economic realities of the relationship between the alleged employer and employee." *Verma v. 3001 Castor, Inc.*, 13-cv-3034, 2014 WL 2957453, at *4 (E.D. Pa. June 30, 2014) (quoting *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382-83 (3d Cir. 1985)). In ascertaining the "economic realities" of the relationship, the following factors should be considered: (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his

managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *Donovan*, 757 F.2d at 1382-83. Courts applying the *Donovan* factors are cautioned that "[n]either the presence nor absence of any particular factor is dispositive" and should consider whether, "as a matter of economic reality, the individuals are dependent upon the business to which they render service." *Id.* at 1382.

Plaintiff pleads that she was employed by Defendant as a "Dancer" at Delilah's Den of Atlantic City during July 2018, and Defendants collectively "have the power to hire and fire Dancers at will," "have rules governing the conditions under which Dancers work," and "require Dancers to schedule their shifts in advance." (Compl. ¶¶34–35.) Defendants "require certain Dancers to work particular shifts," "require Dancers to wear certain types of clothes," and "refus[e] to let a Dancer perform if her clothing does not meet Defendants' requirements." (Compl. ¶59.) Taken together, Plaintiff pleads sufficient facts to support a finding that Defendants maintained significant supervision and control over Plaintiff to classify Plaintiff as an employee, rather than an independent contractor.

Second, Plaintiff pleads that Defendant was engaged in commerce. The FLSA extends coverage to employees by two means: (1) the employee himself may be engaged in commerce or in the production of goods for commerce (so-called "individual" coverage), *see* 29 U.S.C. § 207(a)(1)(1); or (2) the employee may be employed in an enterprise engaged in commerce or the production of goods for commerce (so-called "enterprise coverage."), *see* 29 U.S.C. § 203(s)(1). Commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Courts

7

in this Circuit have repeatedly held that allegations that the defendant was an enterprise engaged in commerce under the FLSA "[i]s sufficient for purposes of a motion to dismiss." *Dong v. Ren's Garden*, 09-cv-5642, 2010 WL 1133482, at *4 (D.N.J. Mar. 22, 2010) (internal citations omitted); *see also, e.g.*, *Zebroski v. Gouak*, No. 09-1857, 2009 WL 2950813, at *1 (E.D. Pa. Sept. 9, 2006). Here, Plaintiff pleads that Defendants "have been and continue to be, employers engaged in commerce within the meaning of the FLSA[.]" (Compl. ¶79.) Accordingly, this element is satisfied.

Third, Plaintiff pleads sufficient allegations of overtime pay and failure to pay minimum wage. The leading case in the Third Circuit regarding the sufficiency of FLSA overtime wage allegations is *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014). In that case, adopting what it called a "middle-ground approach," the Third Circuit held that plaintiffs are not required to provide exact dates and times that they worked overtime to survive a motion to dismiss. *Davis*, 765 F.3d at 241. However, plaintiffs must "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the allegations concerning a typical forty-hour week *include* an assertion that the employee worked additional hours during such a week." *Id.* at 243 n.7 (emphasis added); *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 610 (E.D. Pa. 2015). In sum, "plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Davis*, 765 F.3d at 243 (citations omitted).

Here, Plaintiff pleads that she "worked more than forty hours in a given workweek," and that "Defendants did not pay her overtime wages." (Compl. ¶39.) Plaintiff was required to "stay until the end of her shift" and "remain in the dressing room until club management" gave her

permission to leave. (Compl. ¶42.) Plaintiff was not compensated for the time she spent waiting to leave. (*Id.*) Accordingly, the Court finds that Plaintiff adequately pleads that she worked overtime hours.

Similarly, Plaintiff pleads that she was not paid minimum wage as required by FLSA. "An employee cannot state a claim for minimum wage violations 'unless [his] average hourly wage falls below the federal minimum wage.'" *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313, 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)). A plaintiff's average hourly wage is determined "by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 CFR § 778.109. Here, Plaintiff pleads that Defendants do not pay their "Dancers the applicable minimum wage" and "do not compensate Dancers in an amount at least equal to the mandated minimum wage for each hour worked." (Compl. ¶43.) Based on these allegations, the Court finds that Plaintiff states a claim for failure to pay minimum wage.

### *New Jersey State Wage and Hour Law Claims*

Second, Plaintiff also seeks relief under the NJWHL. The NJWHL mirrors its federal counterpart. *Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. 2011) (citing *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable")). Indeed, the NJWHL requires employers to pay their employees at least the federal minimum hourly wage rate set by the FLSA. N.J.S.A. § 34:11-56a.

Much of the analysis for Plaintiff to state a claim under NJWHL is identical to the analysis under the FLSA. As noted above, Plaintiff pleads sufficient facts to show that she worked in excess of forty hours per week and was not properly paid overtime and regular wages as required by state law. Plaintiff identifies the identities and persons responsible for her employment, her weekly hours, the dates she was employed, her weekly pay, and the damages she suffered. If true, these facts would entitle Plaintiff to relief. Accordingly, the Court finds that Plaintiff sufficiently states a claim for relief under NJWHL.

### *Class Claims*

Plaintiff also seeks to assert her claims (1) as a class action on behalf of a nationwide FLSA class and (2) pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and a class of New Jersey employees based on Defendants' alleged violation of the NJWHL. Under the FLSA, plaintiffs may seek to sue on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). The Third Circuit has outlined a two-step process for deciding whether an action may proceed as a FLSA collective action. *See Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). First, "[a]pplying a 'fairly lenient standard' . . . the court makes a preliminary determination as to whether the named plaintiffs have made a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Id.* "If the plaintiffs have satisfied their burden, the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Id.* Rather than opting out as is done in a traditional class action lawsuit, the FLSA requires that potential class members opt-in through written consent filed with the Court. *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 452 (D.N.J. 2011). The second stage occurs "with the benefit of discovery," where the court "makes a conclusive determination as to whether each plaintiff who

has opted-in to the collective action is in fact similarly situated to the named plaintiff." *Camesi*, 729 F.3d at 243.

Similarly, for a NJWHL claim, Federal Rule of Civil Procedure 23 permits "[o]ne or more members of a class [to] sue . . . as representative parties on behalf of all members" of the class. Fed. R. Civ. P. 23(a). Rule 23 "sets forth a two-pronged standard for class certification." *Franco v. Conn. Gen. Life Ins. Co.*, 289 F.R.D. 121, 129 (D.N.J. 2013). First, the party seeking class certification must establish the four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n. 6 (3d Cir. 2008). Where the plaintiff satisfies all four prerequisites under Rule 23(a), Rule 23(b) sets forth three types of classes that may be certified. Pursuant to Rule 23(b)(3), a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3). "Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence." *In re Hydrogen Peroxide*, 552 F.3d at 307.

The Court finds that Plaintiff has made a modest factual showing that the other employees identified in her Complaint are similarly situated. Plaintiff indicates that she, and the similarly situated employees, worked at the same club for Defendants and were subject to the same compensation policies and practices, including not being compensated for all hours worked. (Compl. ¶71.) Because this action has not proceeded to a discovery phase, the Court only addresses

the first stage of FLSA collective action here. Accordingly, the FLSA nationwide class may be conditionally certified.

As to the NJWHL claims, Plaintiff appears to satisfy the requirements of Rule 23(a). The Complaint demonstrates that the proposed class is so numerous that joinder of all members is impracticable. It states that "Plaintiff believes that there are over one hundred individuals in each of the Classes." (Compl. ¶69.) The Complaint also provides questions of law or fact common to the proposed class that predominate over any questions affecting them individually. (Compl. ¶72.) Examples of these questions include (1) whether Dancers were improperly classified as independent contractors; (2) whether Defendants failed to pay Dancers required wages; and (3) whether Defendants failed to pay overtime compensation. The Complaint further shows that Plaintiff's claims are typical of the claims of other members of the proposed class. It alleges "Plaintiff and the members of the Classes work or have worked for Defendants' clubs and were subject to the same compensation policies and practices. (Compl. ¶71.) Finally, the Complaint establishes that Plaintiff will fairly and adequately protect the interests of the proposed class. The Complaint notes that Plaintiff's interests are in unison with the interests of the other proposed class members. In addition, the Plaintiffs have retained counsel "competent and experienced" in complex class actions and employment litigation." (Compl. ¶73.) Thus, Plaintiffs have satisfied the requirements of Rule 23(a).

Additionally, Plaintiff satisfies the requirement of Rule 23(b)(3). Plaintiffs and the proposed class members are so closely intertwined that questions of law or fact common to the proposed class members predominate over any questions affecting only individual members. The Complaint reveals that the Plaintiff and proposed class members shared the same employer, worked comparable hours, and suffered the same injuries. Further, a class action is superior to

other methods of adjudicating this controversy because individual litigation would be expensive and burdensome on individual plaintiffs who may not otherwise have sufficient resources in light of potential individual recovery amounts. Class litigation also prevents the possibility of duplicative litigation that might result in inconsistent judgments. Therefore, the Court accepts for this motion's purpose Plaintiff's proposed class.

Although Plaintiff alleges facts sufficient to sustain a class and collective action, the Court will deny Plaintiff's motion for default judgment. Plaintiff moved for default judgment on behalf of herself and other members of the proposed FLSA collective and NJWHL class action. Entering judgment gives the Court pause because in a Rule 23(b)(3) class action, class members must opt-out or they are bound by the final judgment. Thus, a court typically directs "to class members the best notice that is practicable under the circumstances," which includes adequate notice of the case and their right to request exclusion. Fed. R. Civ. P. 23. Here, Plaintiff has not certified that she has sent notice to the proposed class members, and, therefore, the Court is concerned that entering a default judgment may bind persons whose rights are at issue, without the protection of their first receiving proper notice. Similarly, as to the collective action, Plaintiff has not stated whether notice of the collective action has been sent to potential plaintiffs, so the Court is equally concerned that others who may wish to opt-in have not been given the proper opportunity. Indeed, no conditional certification of the FLSA collective action has been sought much less final certification.

Therefore, the Court declines to grant Plaintiff default judgment as to her claims at this juncture. Because it was not raised by Plaintiff, the Court does not know how Plaintiff wishes to proceed. Plaintiff, for example, may decide to forego the collective and class action to the extent permissible.

## IV. CONCLUSION

For the reasons contained herein, the Motion for Default Judgment is **DENIED**. An accompanying Order shall issue.

<u>Dated: 3/10/2021</u>                                                                                     <u>/s/ Robert B. Kugler</u>
                                                                                                          ROBERT B. KUGLER
                                                                                                          United States District Judge